IN RE PETITION OF SAMUEL J. LEVY TO OPEN JUDGMENT.

Upon an application to open a judgment the practice is to take a rule on the defendant to show cause why the judgment should not be opened.

(*May 4, 1900.*)

JUDGES SPRUANCE, GRUBB and BOYCE sitting.

*Henry Ridgely, Jr.*, for petitioner.

Superior Court, Kent County, April Term, 1900.

FOREIGN ATTACHMENT (No. 58, April Term, 1899.)

The *Petition* was in the following form :

The petition of Samuel J. Levy, of the City and County of Philadelphia, and State of Pennsylvania, respectfully represents, That at the October Term, A. D. 1899, of this Court, a judgment upon foreign attachment proceedings at the suit of William F. Smalley, Jr. (the same being of record in the office of the Prothonotary of said Court in C. D. 17, page 162) was recovered against your petitioner for the sum of five hundred and thirty-eight dollars ; that the said writ of foreign attachment upon which said judgment was obtained was issued out of this Court on the eighth day of April, A. D. 1899, the same being No. 58 to the April Term of said Court, 1899 ; that your petitioner had no notice or knowledge of any of the said proceedings, nor of the issuance of said writ of foreign attachment, nor of the recovery of the said judgment thereon, until the eleventh day of December, A. D. 1899, after the entry of said judgment, and that he was not present either in person or by attorney at the rendition of the judgment aforesaid nor during any stage of the proceedings aforesaid.

That your petitioner never was informed by the said William F. Smalley, Jr., nor by anyone for him of any claim against him,

nor did he know that any such existed until after the entry of said judgment and the holding of the inquisition thereon; that he, to the best of his knowledge and belief is not and was not at the time of the issuing of said writ of attachment indebted to the said William F. Smalley, Jr., in any amount whatever.

That on the sixth day of January, A. D. 1900, the said judgment was assigned by the said William F. Smalley, Jr., to Arthur L. Foster, as by an entry upon said judgment will appear.

That your petitioner is not and was not at any time prior to the entry of said judgment indebted to the said Arthur L. Foster.

And that your petitioner has a just and legal defense to the whole of the cause of action in the said suit. Your petitioner therefore prays that the said judgment may be opened, and that he may be permitted to appear in this Court and disprove or avoid the said debt or claim, and he will ever pray, etc.

*Mr. Ridgely:*—I make a motion upon the affidavit and petition that the judgment be opened and that we be permitted to come in and plead and give security.

*Rev. Code, Ch. 104, Secs. 20 and 13; Taylor vs. Rossiter, 6 Houst., 486.*

SPRUANCE, J.:—This is an application for a rule to show cause.

*Mr. Ridgely:*—That is not my application.

SPRUANCE, J.:—A great many things are done on rules which, if we had no practice, might be done out of order. But we have a practice, and when you want to open a judgment you take a rule on the defendant to show cause why judgment should not be opened. We will grant you the rule to show cause, returnable at the next term of this Court. We cannot grant you anything more.